UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>            Plaintiff,              )<br>                                                )<br>    v.                                          )<br>                                                )<br>NATHANIEL JOSIAH WORDEN,   )<br>            Defendant.            )  | CAUSE NO.:  2:09-CR-58-JVB-APR<br>                         2:19-CV-394-JVB |

## OPINION AND ORDER

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 [DE 99] filed by Defendant Nathaniel Worden on October 10, 2019.[1] The Government filed a response on January 3, 2020. For the reasons below, the Court denies the motion and declines to enter a certificate of appealability.

## PROCEDURAL BACKGROUND

Worden was charged in a four-count superseding indictment of (1) advertisement of child pornography in violation of 18 U.S.C. § 2251(d)(1), (2) transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1), (3) possession of child pornography in violation of 18 U.S.C. § 2252(a)(4), and (4) attempted transfer of obscene materials to a minor in violation of 18 U.S.C. § 1470. For purposes of 18 U.S.C. § 2260A, the Government also alleged in the superseding indictment that, at the time of the events alleged in all four counts, Worden was required by law to register as a sex offender.

On February 8, 2010, Worden plead guilty to Count 1 of the superseding indictment pursuant to a plea agreement. Pursuant to the plea agreement, Counts 2, 3, and 4 of the superseding indictment were dismissed on the Government's motion at the July 29, 2010 sentencing. The Court

---

[1] Worden neglected to sign his original motion. A signed copy of the motion was received on June 15, 2021, and can be found at docket entry number 103.

sentenced Worden to 420 months of imprisonment followed by a lifetime term of supervised release. This term of imprisonment was 300 months on Count 1 with a consecutive term of 120 months pursuant to 18 U.S.C. § 2260A. The Court issued an amended judgment and awarded victim restitution against Worden on October 26, 2010. Worden appealed the restitution order, and the Seventh Circuit Court of Appeals dismissed the appeal, finding that the appellate waiver in Worden's plea agreement covered the restitution order. *See United States v. Worden*, 646 F.3d 499 (7th Cir. 2011). Worden did not file a petition for a writ of certiorari with the United States Supreme Court.

Worden was represented in this Court by appointed counsel Michael W. Bosch from the April 8, 2009 arraignment through the close of the case. He is litigating his § 2255 motion *pro se*.

## ANALYSIS

Title 28 section 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Relief under § 2255 is only appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

Worden argues that he should be granted relief under § 2255 due to (1) ineffective assistance of his trial counsel for failure to appeal Worden's conviction and (2) the restitution order being invalid under *Paroline v. United States*, 572 U.S. 434 (2015).

The Government responds that Worden's § 2255 petition is untimely as to both grounds Worden raises. The Government also argues that the second argument is foreclosed by the

2

appellate waiver, pursuant to the decision of the Seventh Circuit Court of Appeals on Worden's direct appeal.

Worden's § 2255 petition is untimely. Petitions under § 2255 must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Nothing in the petition suggests that subsections (2) or (4) apply. If subsection (1) is the latest date, then Worden's October 10, 2019 petition is untimely, as the Amended Judgment was issued on October 28, 2010, the Seventh Circuit Court of Appeals' dismissal of Worden's appeal of that Amended Judgment occurred on July 14, 2011, and Worden did not petition the Supreme Court to take his case.

Worden contends that subsection (3) provides the latest date. He identifies *Garza v. Idaho*, 139 S.Ct. 738 (2019), which was decided February 27, 2019.[2] As this date is less than one year prior to the date Worden filed his petition, a newly-recognized right recognized by the Supreme Court and made retroactively applicable to cases on collateral review in *Garza* and asserted by Worden would render that ground timely. Unfortunately for Worden, the Supreme Court in *Garza* did not recognize a new right or make it retroactively applicable to cases on collateral review.

---

[2] Worden does not explicitly state or argue that *Paroline*, renders his petition timely, but he does note that *Paroline* had not been decided until after his appeal concluded. To the extent Worden may have intended to use *Paroline* to argue that this case was timely filed, the Court notes that Worden did not file his petition within one year of *Paroline* being issued.

3

No new right was recognized in *Garza*. A *Garza* claim is "rooted in the right to effective assistance of counsel, which was established many years ago in *Strickland v. Washington*," *Wolf v. United States*, No. 13-30007, 2022 WL 507654, at *2 (C.D. Ill. Feb. 18, 2022), and *Garza* only reaffirmed the applicability of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), notwithstanding an appellate waiver, *Garza*, 139 S. Ct. at 745-48; *see also Thieme v. United States*, Civil No. 19-15507, 2020 WL 1441654, at *3 (D. N.J. Mar. 24, 2020). The Court in *Flores-Ortega* clearly stated: "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 477. Worden's asserted grounds for relief—that counsel did not timely file a notice of appeal of Worden's conviction—was not newly recognized in *Garza*. *See Edwards v. United States*, No. 3:19-CV-293, 2020 WL 1975077, at *4 (S.D. Ill. Apr. 24, 2020) (collecting cases).

Further, neither the Supreme Court nor the Seventh Circuit Court of Appeals has held that *Garza* is retroactively applicable to cases on collateral review. *Edwards v. United States*, No. 20-1771, 2022 WL 4104032, at *3 (7th Cir. Sept. 8, 2022) (citing *Hartsfield v. Dorethy*, 949 F.3d 307, 316 n.6 (7th Cir. 2020)).

Accordingly, Worden needed to file his petition under § 2255 within one year from the date on which his judgment of conviction became final in order to be timely. He did not do so. His motion is denied as untimely.

**CERTIFICATE OF APPEALABILITY**

Section 102 of the Anti-Terrorism and Effective Death Penalty Act provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000). Worden has not made such a substantial showing, so the Court declines to enter a certificate of appealability.

## CONCLUSION

Based on the forgoing, the Court hereby **DENIES** the Motion Under 28 U.S.C. § 2255 [DE 99] and **DECLINES** to enter a certificate of appealability.

SO ORDERED on October 3, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
